UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| KIRK L.,[1] | Case No. 2:18-cv-01592-JR |
| Plaintiff, | OPINION AND ORDER |
| v. | |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security, | |
| Defendant. | |

RUSSO, Magistrate Judge:

Plaintiff Kirk L. seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner") denying disability insurance benefits ("DIB") under Title II of the Social Security Act ("the Act"). For the reasons set forth below, the decision of the Commissioner is AFFIRMED.

## BACKGROUND

Born in December 1970, plaintiff applied for DIB on January 19, 2015, alleging disability beginning December 29, 2014. Tr. 66, 78. Plaintiff alleged disability due to general convulsive epilepsy and malignant neoplasm of the brain. Id. Plaintiff completed high school and has past work experience as an auto detailer, lot attendant, and watch guard/cook. Tr. 31.

---

[1] In the interest of privacy, this opinion and order ("O&O") uses only the first name and the initial of the last name of the non-governmental party in this case. Where applicable, this opinion uses the same designation for a non-governmental party's immediate family member.

PAGE 1 – OPINION AND ORDER

Plaintiff's application was denied initially and upon reconsideration. Tr. 77, 91. An Administrative Law Judge ("ALJ") held a hearing on June 27, 2017 and issued a decision finding plaintiff not disabled on September 19, 2017. Tr. 20-33, 39-65. The Appeals Council denied review on June 29, 2018, making the ALJ's decision the final decision of the Commissioner. Tr. 1–6. This appeal followed.

## THE ALJ'S FINDINGS

The ALJ performed the five step sequential analysis, for determining whether a person is disabled. See Bowen v. Yuckert, 482 U.S. 137, 140 (1987); 20 C.F.R. § 404.1520. At step one, the ALJ found plaintiff had not engaged in substantial gainful activity since December 29, 2014, and he met the insured status requirements of the Act through December 31, 2018. Tr. 22-23. At step two, the ALJ determined the following impairments were medically determinable and severe: "history of left frontal grade II oligodendroglioma status post surgery with no recurrence of cancer, history of seizures status post controlled with medications, history of partial seizures affecting the hands status post controlled with medications, history of migraines, and obesity." Tr. 23. At step three, the ALJ determined plaintiff's impairments, neither individually nor in combination, met or equaled the requirements of a listed impairment. *Id.*

Because the ALJ did not establish presumptive disability at step three, the ALJ continued to evaluate how plaintiff's impairments affected his ability to work. The ALJ resolved plaintiff had the residual functional capacity ("RFC") to perform sedentary work with the following limitations:

> [Plaintiff] can lift, carry, push, and/or pull ten pounds occasionally and less than ten pounds frequently. He can stand and/or walk two hours out of an eight-hour workday and sit six or more hours in an eight-hour workday. The claimant can occasionally climb ramps and stairs, but never climb ladders, ropes, and scaffolds. He can have no exposure whatsoever to hazards, such as dangerous machinery and unprotected heights.

Tr. 24.

At step four, the ALJ determined plaintiff could not perform any of his past relevant work. Tr. 31. At step five, the ALJ concluded that plaintiff was capable of performing jobs in the national economy including document preparer, telemarketer, and appointment clerk. Tr. 32. The ALJ therefore concluded that plaintiff was not disabled from December 29, 2014 through the decision date. Tr. 32-33.

## STANDARD OF REVIEW

A district court must affirm the Commissioner's decision if the decision is based on proper legal standards and the legal findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); Batson v. Comm'r, 359 F.3d 1190, 1193 (9th Cir. 2004). Substantial evidence "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (internal citation omitted). In reviewing the Commissioner's alleged errors, a court must weigh "both the evidence that supports and detracts from the [Commissioner's] conclusion." Martinez v. Heckler, 807 F.2d 771, 772 (9th Cir. 1986). Variable interpretations of the evidence are insignificant if the Commissioner's interpretation is rational. Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005).

When the evidence before the ALJ is subject to more than one rational interpretation, a court must defer to the ALJ's conclusion. Batson, 359 F.3d at 1198 (internal citation omitted). The reviewing court, however, cannot affirm the Commissioner's decision on grounds the agency did not invoke in making its decision. Stout v. Comm'r, 454 F.3d 1050, 1054 (9th Cir. 2006). Finally, the court may not reverse an ALJ's decision on account of an error that is harmless. Id. at 1055–56. "[T]he burden of showing that an error is harmful normally falls upon the party attacking the agency's determination." Shinseki v. Sanders, 556 U.S. 396, 409 (2009).

PAGE 3 – OPINION AND ORDER

# DISCUSSION

The sole issue before the Court on appeal is whether the ALJ provided legally sufficient reasons for discounting the medical opinions of Michael Bell, M.D., and of John Winters, M.D.

The ALJ is responsible for resolving conflicts in the medical record, including conflicts among physicians' opinions. Carmickle v. Comm'r, 533 F.3d 1155, 1164 (9th Cir. 2008). The Ninth Circuit distinguishes between the opinions of three types of physicians: treating physicians, examining physicians, and non-examining physicians. Garrison v. Colvin, 759 F.3d 995, 1012 (9th Cir. 2014). Generally, "a treating physician's opinion carries more weight than an examining physician's, and an examining physician's opinion carries more weight than a reviewing physician's." Holohan v. Massanari, 246 F.3d 1195, 1202 (9th Cir. 2001). If a treating physician's opinion is supported by medically acceptable techniques and is not inconsistent with other substantial evidence in the record, the treating physician's opinion is given controlling weight. Id.; see also 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2). A treating doctor's opinion that is not contradicted by the opinion of another physician can be rejected only for "clear and convincing" reasons. Ryan v. Comm'r of Soc. Sec., 528 F.3d 1194, 1198 (9th Cir. 2008). If a treating doctor's opinion is contradicted by the opinion of another physician, the ALJ must provide "specific and legitimate reasons" for discrediting the treating doctor's opinion. *Id.*

In addition, the ALJ generally must accord greater weight to the opinion of an examining physician than that of a non-examining physician. Orn v. Astrue, 495 F.3d 625, 631 (9th Cir. 2007). As is the case with the opinion of a treating physician, the ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of an examining physician. Pitzer v. Sullivan, 908 F. 2d 502, 506 (9th Cir. 1990). If the opinion of an examining physician is contradicted by another physician's opinion, the ALJ must provide "specific, legitimate reasons"

for discrediting the examining physician's opinion. Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995). An ALJ may reject an examining, non-treating physician's opinion "in favor of a nonexamining, nontreating physician when he gives specific, legitimate reasons for doing so, and those reasons are supported by substantial record evidence." Roberts v. Shalala, 66 F.3d 179, 184 (9th Cir. 1995), as amended (Oct. 23, 1995). Specific, legitimate reasons for rejecting a physician's opinion may include its reliance on a claimant's discredited subjective complaints, inconsistency with medical records, inconsistency with a claimant's testimony, and inconsistency with a claimant's daily activities. Tommasetti v. Astrue, 533 F.3d 1035, 1040 (9th Cir. 2008); Andrews v. Shalala, 53 F.3d 1035, 1042–43 (9th Cir. 1995).

Plaintiff argues that the ALJ erred by rejecting the medical opinions of Drs. Bell and Winters, who each assessed severe limitations as described below. Contradicting these opinions, state agency consultative physician Thomas Davenport, M.D., opined that plaintiff could perform a limited range of sedentary work. Tr. 30, 66-76. The ALJ was therefore required to provide specific, legitimate reasons for rejecting the controverted opinions of Drs. Bell and Winters and those reasons must be supported by substantial evidence on the record. Ryan, 528 F.3d at 1198.

**1. Treating neurologist Michael Bell, M.D.**

Dr. Bell was plaintiff's treating neurologist beginning in January 2015. Tr. 420, 606. On July 6, 2015 he opined that plaintiff could only work part-time due to his level of fatigue. Tr. 420. He doubted that plaintiff's condition would improve. Id. On April 30, 2017, Dr. Bell completed a RFC questionnaire and diagnosed convulsive epilepsy and a left frontal oligodendroglia. Tr. 778-80. He found plaintiff has a progressive, incurable brain tumor with seizures and right upper extremity weakness that will constantly interfere with attention and

concentration required to perform simple work-related tasks. Id. Dr. Bell found plaintiff would need 4-5 breaks per day related to seizures lasting up to 20 minutes at a time, and would be absent from work three or four times per month due to his impairments and/or treatments. Tr. 779. Dr. Bell also noted various moderate and slight restrictions on plaintiff's mental functioning, including his attention and concentration. Tr. 772-76.

The ALJ gave Dr. Bell's opinion little weight because the level of fatigue and fatigue-related restrictions in his opinion were inconsistent with his own treatment records. Tr. 29. Inconsistency with a physician's treatment records can be a legally sufficient reason to reject that physician's opinion. Tommasetti, 533 F.3d at 1040. Here, while Dr. Bell opined that plaintiff could walk only two blocks before needing to rest, he also noted that plaintiff showed normal gait on examination, normal strength in his arms and legs, and normal handling and fingering abilities in both hands. Tr. 652, 778. Despite these findings, Dr. Bell opined plaintiff could handle, reach, and finger on the right side no more than five percent of a workday. Tr. 779. Moreover, while Dr. Bell assessed mental limitations, plaintiff did not report any mental impairments in his DIB application. See Tr. 84. It was reasonable for the ALJ to infer from these inconsistencies that plaintiff was less limited than Dr. Bell reported. The ALJ thus provided a specific, legitimate reason for rejecting Dr. Bell's severe limitations. See Tommasetti, 533 F.3d at 1040.

**2. Treating Hematologist and Oncologist John Winters, M.D.**

Dr. Winters completed a physical assessment of plaintiff on October 5, 2015. Tr. 430-31. He noted plaintiff's symptoms were severe enough to constantly interfere with his attention and concentration. Tr. 430. He opined that plaintiff could walk no more than half a block without needing rest; could sit up to 8 hours in an 8-hour workday; could stand/walk no more than 4

hours in a workday; and would need to take unscheduled, unpredictable breaks during an 8-hour workday. Id. Dr. Winters concluded that plaintiff would miss work four or more times per month. Tr. 432.

The ALJ gave Dr. Winters' opinion "little weight." Tr. 29. First, he found Dr. Winters' opinion inconsistent with his own treatment records. Id. For example, the ALJ noted that while Dr. Winters opined plaintiff could walk no more than half a city block without rest, his own records show that plaintiff's functional status was "excellent" and that he showed neither weakness nor sensory deficits. Tr. 382-83. It was reasonable for the ALJ to resolve this apparent inconsistency by rejecting Dr. Winters' opinion. The conflict in Dr. Winters' treatment notes constitutes a specific, legitimate reason to reject Dr. Winters' opinion. Tommasetti, 533 F.3d at 1040.

The ALJ next found that Dr. Winters' opinion was inconsistent with plaintiff's reported activities. Tr. 29. Inconsistency with a claimant's activities can constitute a specific, legitimate reason to reject a medical source opinion. Tommasetti, 533 F.3d at 1040. Here, for example, while Dr. Winters opined that plaintiff could not use his hands at all during the workday, plaintiff's daily activities included reloading ammunition, preparing food, doing laundry, washing dishes, and playing cards. Tr. 199-202, 430. Plaintiff also testified at the administrative hearing that he could drive for short periods of time, arguably contradicting Dr. Winters' restriction on plaintiff's use of his hands and his assessment that plaintiff's concentration and attention were severely impaired. Tr. 45-46. On this record, the ALJ provided two legally sufficient reasons to reject Dr. Winters' opinion. Tommasetti, 533 F.3d at 1040.

Plaintiff also argues the ALJ erred because he rejected both physicians' limitations on plaintiff's ability to reach, handle, and finger. The ALJ reasonably rejected these limitations,

citing multiple treatment notes that plaintiff "had normal strength throughout the upper and lower extremities and a normal bilateral finger and hand examination." See Tr. 29, 51. While the record shows that plaintiff reported motor seizures, jerking, rhythmic twitching, hand curls, perioral numbness, and shakiness, plaintiff testified at the hearing that he'd been seizure-free for the last 18 months and was stable on medications, although the medications caused fatigue. Tr. 27, 47-48. The ALJ accounted for these symptoms in the RFC by limiting plaintiff to sedentary work and no exposure to hazards. Tr. 24. In sum, the ALJ reasonably evaluated the medical record and supported his conclusions with legally sufficient reasons. The ALJ's decision is affirmed.

## CONCLUSION

For the reasons stated above, the decision of the Commissioner is AFFIRMED.

IT IS SO ORDERED.

DATED this 7th day of August, 2019.

                                        /s/ Jolie A. Russo
                                            Jolie A. Russo
                                     United States Magistrate Judge